IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2010 JUL 22 P 3:09
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **JAMES PICKERING, JR.,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:10 CV 633 |
| **LORILLARD TOBACCO COMPANY, INC.** | ) |
| Defendant. | ) **DEMAND FOR JURY TRIAL** |

## COMPLAINT

**COMES NOW** Plaintiff JAMES PICKERING, JR., on behalf of himself and others similarly situated, by and through the undersigned attorneys, and as his Complaint against Defendant, Lorillard Tobacco Company, Inc., states as follows:

### JURISDICTION, VENUE AND PARTIES

1. Jurisdiction of this Court is founded in § 216(b) of the FLSA and §§ 1331 and 1367 of Title 28 of the United States Judicial Code, 28 U.S.C. 1331, 1367.

2. The claims herein arise under §§ 207(a)(1), 215 and 216 of the FLSA. In connection with the acts and course of conduct alleged in this Collective Action Complaint, the Plaintiff was engaged in commerce or in the production of goods for commerce. Furthermore, the Defendant is an employer who engages in commerce or in the production of goods for commerce.

3. Venue is proper in this District under § 139 of Title 28 of the United States Code because a substantial part of the acts and conduct alleged herein occurred in this District.

## THE PARTIES

4. Plaintiff, James Pickering, Jr., is a citizen of the State of Alabama. Pickering was employed by the Defendant within the meaning of the FLSA within the last two years.

5. Defendant, Lorillard Tobacco Company, Inc. is a foreign corporation with its principal place of business in Dover, Delaware. Lorillard Tobacco Company, Inc. is an employer within the meaning of the FLSA.

## PLAINTIFFS' COLLECTIVE ACTION ALLEGATIONS

6. The named Plaintiff brings this action as a collective action pursuant to Section 216(b) of the FLSA on behalf of himself and all other similarly situated employees employed by the Defendant. The named Plaintiff and the employees whom the named Plaintiff represents have been victimized by a pattern or policy which is in violation of the FLSA.

7. In addition to the requirements of Section 216(b) of the FLSA, some courts have suggested that the requirements set forth in Rule 23(a) of the Federal Rules of Civil Procedure also be met despite the fact that a collective action under

Section 216(b) is not a "traditional" class action. To that end, the Plaintiff asserts as follows:

(a)     Potential members of the "class" are so numerous that joinder of all class members is impracticable. Proceeding as a collective action is a more expeditious method in this matter. It is estimated that the "class" consists of more than three thousand (3000) members.

(b)     The named Plaintiff will fairly and adequately protect the interests of the members of the "class" as there is no antagonism of interests between the named Plaintiff and the conduct which is alleged on behalf of the "class" as a whole. Furthermore, the named Plaintiff has retained counsel competent and experienced in class actions and complex litigation.

(c)     The named Plaintiff's claims are typical of the claims of the members of the "class" as the named Plaintiff and members of the "class" sustained damages arising out of the same wrongful conduct by the Defendant.

(d)     Defendant engaged in a pattern or practice which was in violation of the FLSA. This pattern or practice is common to all members of the "class." Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts which the liability issues raise.

(e)     Plaintiff knows of no difficulty which will be encountered in the

management of this litigation which would preclude its maintenance as a collective action.

## FACTUAL ALLEGATIONS

8. The Plaintiff was employed as a full-time employee with the Defendant within the last two years as a sales representative. At all relevant times, the named Plaintiff was performing the job functions and duties of a non-exempt employee for the Defendant.

9. During his employment, the Plaintiff was required to work in excess of forty (40) hours a week. The Plaintiff was compensated at his regular rate of pay and received no overtime compensation.

10. On numerous occasions, the Plaintiff was required to work in excess of forty (40) hours during a single week for which he received no overtime compensation.

11. At all times relevant to this Complaint, the Plaintiff was a non-exempt employee for purposes of overtime compensation.

12. This illegal and wrongful pattern or practice on the part of the Defendant with regard to overtime compensation for employees was, and is, in violation of the FLSA. The Defendant knowingly, wilfully or with reckless disregard, carried out this illegal, wrongful pattern or practice regarding overtime compensation.

13. Upon information and belief, all other similarly situated employees employed by the Defendant were subjected to the same wrongful practice and procedure.

14. At all times relevant to this Complaint, the Plaintiff was a non-exempt employee for purposes of overtime compensation.

### FIRST CLAIM FOR RELIEF

### (FLSA, 29 U.S.C. §§207, 216(b))

15. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through fourteen.

16. Defendant's practice of failing to pay overtime compensation for all work in excess of forty (40) hours to non-exempt employees was, and is, in violation of the FLSA.

17. Plaintiff and all similarly situated employees employed by the Defendant within the last two years are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing two years prior to the filing of this Collective Action Complaint to the date of any final award of such unpaid overtime compensation. All similarly situated employees previously employed by the Defendant in the United States are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half

times their regular pay) for the time period commencing two years prior to the filing of this Collective Action Complaint.

18. Additionally, Plaintiff and all similarly situated employees presently employed or employed by the Defendant within the last two years are entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation, as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for himself and for all employees similarly situated for unpaid overtime for the two years prior to the filing of this Collective Action Complaint, or for two years prior to the filing of this Complaint to the date of any final award made to them, as the case may be, plus prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF

**(Willful Violation of FLSA, 29 U.S.C. §§207, 216(b))**

19. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through eighteen.

20. Defendant's practice of failing to pay overtime compensation for work in excess of forty hours to non-exempt employees employed by the Defendant was, and

is, in violation of the FLSA.

21. Defendant's violations of the FLSA were and are being done willfully. Defendant either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

22. Plaintiff and all similarly situated employees employed by the Defendant within the last three years are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing three years prior to the filing of this Collective Action Complaint to the date of any final award of such unpaid overtime compensation. All similarly situated employees previously employed by the Defendant are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing three years prior to the filing of this Collective Action Complaint.

23. Additionally, Plaintiff and all employees similarly situated are entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for himself and for all employees similarly situated for unpaid overtime for the three years prior to the filing of the Collective Action Complaint, or for three years prior

to the filing of the Complaint to the date of any final award made to them, as the case may be, prejudgment interest, compensatory damages, liquidated damages, attorneys' fees and for such further relief as the Court may deem just and proper.

/s/ Kirby D. Farris
Kirby D. Farris
Ken E. Riley
D. Brett Turnbull
Attorneys for Plaintiff

OF COUNSEL:

**FARRIS, RILEY & PITT, L.L.P.**
Suite 400, Massey Building
2025 Third Avenue North
Birmingham, Alabama 35203
(205) 324-1212

## JURY DEMAND

The plaintiff hereby demands a jury for the trial of this cause.

/s/ Kirby D. Farris
Kirby D. Farris

Serve Defendant:

Lorillard Tobacco Company, Inc.
c/o Prentice Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104