IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES PICKERING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:10-CV-633-WKW[WO] |
| | ) | |
| LORILLARD TOBACCO CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion to Dismiss Collective Action or, in the Alternative, Motion for a More Definite Statement (Doc. # 6), and accompanying brief (Doc. # 7). The motions are filed pursuant to Rule 12(b)(6) and Rule 12(e) of the Federal Rules of Civil Procedure. Plaintiff filed a Response to the motion (Doc. # 15), to which Defendant replied (Doc. # 19). Based upon careful consideration of the arguments of counsel, the appropriate law and the Complaint's allegations, Defendant's motion to dismiss will be granted without prejudice, and the motion for a more definite statement (Doc. # 6) will be denied as moot.

## I. JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331. Personal jurisdiction and venue are adequately pleaded and not contested.

## II.  STANDARDS OF REVIEW

### A.  <u>Rule 12(b)(6)</u>

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.  *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

### B.  <u>Rule 12(e)</u>

A party may "move for a more definite statement" under Rule 12(e) when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  District courts also have the "inherent authority to require the [plaintiff] to file a more definite statement" if not by Rule 12(e), then by their authority "to narrow the issues

2

in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

## III. FACTS

Plaintiff alleges that, while employed full-time by Defendant as a sales representative, Defendant did not pay him overtime for hours he worked beyond forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1).  (Compl. ¶¶ 8-10.)  He further avers that he was a non-exempt employee and was "performing the job functions and duties of a non-exempt employee."  (Compl. ¶¶ 8, 11.)  Plaintiff also seeks to bring a collective action under the FLSA, contending that both he and "all similarly situated employees" employed by Defendant are entitled to remedies provided under the FLSA. (Compl. ¶¶ 17, 18, 22, 23.)

## IV. DISCUSSION

### A.   Rule 12(b)(6)

Defendant moves to dismiss the collective action component of Plaintiff's FLSA lawsuit.  It argues that Plaintiff has failed to plead or define any attributes of the alleged similarly situated employees and that, therefore, the allegations fail to state a claim for relief as a collective action.  (Def. Br. 1.)

"The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)); *see also* § 216(b) ("An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and

3

other employees similarly situated."). "The FLSA itself does not define how similar the employees must be before the case may proceed as a collective action." *Morgan*, 551 F.3d at 1259. As set out in *Morgan*, the Eleventh Circuit has "not adopted a precise definition of the term." *Id.* It has, though, provided some clues. The employees should be "'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). However, the positions need not be identical, only similar. *Id.* at 1260 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)).

Applying these principles in light of the pleading standards established in *Twombly* and *Iqbal*, the court finds that the collective action allegations lack the level of factual specificity required to survive a Rule 12(b)(6) motion. That he worked as a full-time "sales representative" is the only detail provided in the Complaint about Plaintiff's job. (Compl. ¶ 8.) This is a job title, but not a job description. The allegation that Plaintiff performed the "functions and duties of a non-exempt employee" is conclusory and reveals nothing about Plaintiff's actual job duties as a "sales representative." *See* 29 C.F.R. § 541.2 ("A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."). There simply are no allegations revealing what Plaintiff did when he reported to work.

Moreover, there is no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint. In his response brief, Plaintiff says

4

that the similarly situated employees also were "sales representatives."  (Doc. # 15, at 5.) This is the first time Plaintiff has identified the job title of the other employees allegedly similarly situated.  A job description nonetheless remains missing, and in any event, pleading deficiencies cannot be cured in a brief.  *See GJR Investments, Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998) (rejecting plaintiff's attempt to correct the complaint's deficiencies in arguments made in a brief), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)).  Nor are there any allegations concerning the similarly situated employees' pay provisions.  Plaintiff merely seeks relief on behalf of "all similarly situated employees."  This phrase is a legal conclusion and, absent some factual elaboration, is insufficient to satisfy *Twombly*'s *and Iqbal*'s pleading bar.  *See Iqbal*, 129 S. Ct. at 1949 (One of the "working principles under[lying] [the] decision in *Twombly*" is "that the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (citing *Twombly*, 550 U.S. at 555)).

In sum, the Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated.  In the absence of any detail, Plaintiff has not sufficiently alleged an action on behalf of others similarly situated.

Plaintiff will be permitted, however, to file a motion to amend his Complaint to replead the FLSA collective action allegations.  The motion must set forth the substance of the proposed amendment, *see Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999), and the original of the amended complaint shall be attached to the motion, *see* M.D. Ala. LR 15.1

(Dec. 1, 2010).  Leave to amend will be "freely given" to Plaintiff if "justice so requires." Fed. R. Civ. P. 15(a)(2).

**B.**     **Rule 12(b)(6)**

The foregoing conclusions obviate the necessity to discuss Defendant's alternative Motion for a More Definite Statement, filed pursuant to Rule 12(e).  The alternative motion, therefore, will be denied as moot.

**V.  CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Collective Action (Doc. # 6) is GRANTED.  The individual claims brought by Plaintiff remain, but the FLSA collective action allegations are DISMISSED without prejudice.  Plaintiff is GRANTED leave to and including **January 25, 2011**, to file a motion to amend the complaint, consistent with the directives herein.

It is further ORDERED that Defendant's alternative Motion for a More Definite Statement (Doc. # 6) is DENIED as moot.

DONE this 13th  day of January, 2011.

　　　　　　　_____/s/ W.  Keith Watkins_____
　　　　　　　UNITED STATES DISTRICT JUDGE